**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FLOR ALBA APONTE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:15-CV-00422 |
| | § | (Judge Clark/Judge Johnson) |
| v. | § | |
| | § | |
| TEXAS HEALTH PRESBYTERIAN HOSPITAL, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to Magistrate Judge Kimberly Priest Johnson pursuant to 28 U.S.C. § 636. On November 7, 2016, the report of Magistrate Judge Johnson (Dkt. #34) was entered containing proposed findings of fact and recommendations that Defendant's motion for summary judgment (Dkt. #10) should be granted in part and denied in part. Defendant filed objections to the portions denying summary judgment (Dkt. #35).

Having reviewed the report of the Magistrate Judge (Dkt. #34), considered Defendant's timely filed objections (Dkt. #35), and conducted a *de novo* review, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The court hereby adopts the Magistrate Judge's report (Dkt. #34) as the findings and conclusions of the court.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Flor Alba Aponte began her employment with Defendant Texas Health Presbyterian Hospital's predecessor, Denton Community Hospital, on January 24, 2005, and continued to work at the same facility as an employee of Defendant until April 21, 2015. *See* Dkt. #10 at 7. Plaintiff alleges she worked at least fifty (50) hours a week and Defendant failed to record and pay her for overtime hours. *See* Dkt. #25 at 11. On April 21, 2015, Plaintiff was formally terminated from her position. *See* Dkt. #10 at 23.

Plaintiff filed her original petition in the 2nd District Court of Denton County, Texas, on May 20, 2015, asserting causes of action against Defendant for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, retaliation under the FLSA, and common law fraud. *See* Dkt. #3 at 4-5. The case was removed to federal court on June 24, 2015 (Dkt. #1). On April 14, 2016, Defendant filed its First Motion for Summary Judgment (Dkt. #10). Plaintiff filed her response on July 14, 2016 (Dkt. #25), after the Court granted an extension to respond (Dkt. #24). Defendant filed its reply to Plaintiff's response on July 28, 2016 (Dkt. #31).

On November 7, 2016, the Magistrate Judge entered a report and recommendation (Dkt. #34). The Magistrate Judge recommended that the court grant summary judgment on Plaintiff's claim for common law fraud. *See* Dkt. #34 at 13. Further, the Magistrate Judge recommended that the court deny summary judgment on Plaintiff's FLSA overtime compensation claim, FLSA willfulness claim, and FLSA retaliation claim. *See id.* at 7, 8, 10. Defendant filed objections to the portions of the report and recommendation denying summary judgment (Dkt. #35).

# DEFENDANT'S OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2)-(3). Defendant objects that: (1) the Magistrate Judge's Report and Recommendation contains incorrect recitations of the facts (Dkt. #35 at 1-4); (2) the Magistrate Judge misconstrues the applicable law regarding whether an employee's primary duty was management (Dkt. #35 at 4-7); (3) the Magistrate Judge misconstrues the applicable law regarding whether an employee's suggestions and recommendations regarding employment decisions were given particular weight (Dkt. #35 at 7-9); (4) the Magistrate Judge misstates the law regarding willfulness and improperly concluded there is a fact issue regarding this claim (Dkt. #35 at 9-12); and (5) the Magistrate Judge wrongfully concludes that Plaintiff has stated a *prima facie* case of retaliation, which Defendant failed to rebut (Dkt. #35 at 12-14). In summary, the Magistrate Judge's report specifically recommends:

(1) There is a genuine issue of material fact as to whether Plaintiff's primary duty was management and whether she had hiring and firing authority, or whether her suggestions about promotion and termination were given particular weight, and Defendant did not conclusively establish that Plaintiff was exempt from the FLSA overtime compensation provisions at the summary judgment phase. *See* Dkt. #34 at 5, 7.

(2) There is a genuine issue of material fact as to whether Defendant willfully violated the FLSA by failing to keep accurate or complete records of employment. *See id.* at 8.

(3) There is a genuine issue of material fact as to the retaliation claim regarding whether Defendant was aware of the alleged complaints before Plaintiff was terminated, and whether Defendant had a legitimate, nonretaliatory reason for terminating Plaintiff. *See id.* at 10.

(4) There is no genuine issue of material fact as to the common law fraud claim and summary judgment should be granted on this claim. *See id. at 13.*

Defendant's objections do not state any specific objections as to the findings of the Magistrate Judge that Plaintiff's common law fraud claim should be dismissed. *See* Dkt. #35. The court now addresses each of Defendant's objections in turn.

***Objection 1: Incorrect Recitations of the Facts***

Defendant asserts the Magistrate Judge wrongfully accepted Plaintiff's affidavit as factual findings because it was conclusory and speculative. *See* Dkt. #35 at 1. Defendant cites to multiple cases in which courts granted summary judgment because a plaintiff provided an affidavit containing only conclusory and speculative statements to support the plaintiff's claims. *See Fuller v. Brownsville Indep. Sch. Dist.*, No. B-13-109, 2016 WL 3932237 (S.D. Tex. July 21, 2016); *Jackson v. Advance Auto Parts, Inc.*, 362 F. Supp. 2d 1323, 1325 (N.D. Ga. 2005); *Moore v. Tractor Supply Co.*, 352 F. Supp. 2d 1268, 1276 (S.D. Fla. 2004). Defendant further argues Plaintiff's affidavit did not provide supporting facts for its numerous conclusions and does not provide any competent evidence that creates a fact issue. *See id.* at 3-4. Specifically, Defendant argues it was improper for the Magistrate Judge to accept the following statements as proper summary judgment evidence: (1) Plaintiff alleges she spent only ten (10) percent of her time at work on management tasks; (2) Plaintiff alleges she first orally notified an employee in the human resources department of her concerns of not receiving overtime compensation when she applied for the position; (3) Plaintiff alleges she complained to other supervisors in the nutrition department about her concerns on overtime compensation; and (4) Plaintiff's allegation that Cheri Posey, an Aramak supervisor, "bothered" and "sought to humiliate" her for working overtime. *See id.* at 4.

Despite Defendant's arguments that Plaintiff's statements were not supported by facts, Plaintiff describes in detail her daily work routine, supporting her argument that she spent only

ten (10) percent of her time on management duties. *See* Dkt. #25-1 at 3, 5-8. Second, Plaintiff's statements that she orally notified the human resources department and that she complained to other supervisors are based on Plaintiff's personal knowledge. Third, Plaintiff's allegations that Ms. Posey "bothered" and "sought to humiliate" her are also supported by Plaintiff's personal knowledge. Plaintiff states Ms. Posey made comments about Plaintiff's wages, further supporting her allegations. *See* Dkt. 10-1 at 20. Moreover, Plaintiff's allegations that Ms. Posey was aware she "stay[ed] long hours"[1] is supported by Plaintiff's yearly evaluation report in 2014, which stated Plaintiff's overtime "must be pre-approved by Cheri" in the expectations section. *See* Dkt. #10-5 at 7. Thus, Plaintiff's affidavit is not conclusory or speculative.

Although Defendant believes it has conclusively established that it was unaware of Plaintiff's complaints about overtime compensation by referring to Plaintiff's comments that she did not know why Ms. Posey was discriminating against her, the entire purpose of trial is to allow the fact-finder to determine Defendant's true reasons for terminating Plaintiff when there is conflicting evidence. *See* Dkt. 10-1 at 21; *Honore v. Douglas*, 833 F.3d 565, 567 (5th Cir. 1987) ("It is not the function of the trial judge, in ruling on a motion for summary judgment, to weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence. Those are functions of the trier of fact."). Thus, the Magistrate Judge is correct in her recitation of facts.

***Objection 2: Legal Error as to Determining Employee's Primary Duty of Management***

Defendant argues Plaintiff's affidavit, even if accepted as true, does not create a factual dispute because her affidavit is insufficient in opposition to summary judgment and conflicts with her deposition testimony. *See id.* at 5. *See* Dkt. #35 at 4. As previously stated, Plaintiff's affidavit is not conclusive or speculative; thus, the Magistrate Judge did not err in regards to this

---

[1] *See* Dkt. #10-1 at 20.

objection. Defendant further argues even accepting Plaintiff's affidavit as true, there is no factual dispute because: (1) an employee's primary duty may be management even if her daily routine includes nonmanagement duties; and (2) poor performance in an employee's bona fide executive position does not turn that position into a nonexempt one. *See id.* at 5.

First, as Defendant states, an employee's primary duty ***may*** be management even if her daily routine includes nonmanagement duties. As the Magistrate Judge stated, there is currently a fact issue as to whether Plaintiff's primary duty was in fact management. After reviewing all the relevant motions, responses, and exhibits, the Magistrate Judge found that Defendant failed to ***conclusively establish*** this factor. *See* Dkt. #34 at 6. Further, Defendant complains that the Magistrate Judge "almost entirely fails to address these principles." *See* Dkt. #35 at 5. However, the Magistrate Judge found that Plaintiff's affidavit rebutted Defendant's evidence and succeeded in showing a factual dispute. *See* Dkt. 34 at 6; *see also Karropoulos v. Soup du Jour, Ltd.*, 128 F. Supp. 3d 518, 533 (E.D.N.Y. 2015) (denying summary judgment even though the defendant argued the plaintiff's management duties were more important than his cooking duties); *Alvarado v. Alhanan, Inc.*, No. 15-21605-Civ-Scola, 2016 WL 759490, at *2 (S.D. Fla. Feb. 25, 2016) (denying summary judgment when the plaintiff asserted his management duties constituted ten percent of his work day).

Second, Defendant argues Plaintiff's alleged poor performance in her position did not turn her alleged exempt position into a nonexempt one. *See* Dkt. #35 at 5. However, Plaintiff alleges she worked at the hospital for at least ten (10) years, and she states the argument that "her managers and directors repeatedly demanded that she spend more time—indeed, 'full-time'—engaging in such managerial activities" did not occur until Ms. Posey became a supervisor. *See* Dkt. #10-1 at 19-20. In her past evaluations before Ms. Posey, the evaluator wrote mostly

6

positive remarks on Plaintiff's reviews. *See* Dkt. #10-5 at 15-36. Although she received some reviews stating that Plaintiff "has been working on coaching employees," most of the reviews describe Plaintiff as a top or significant performer and states Plaintiff has "done an exceptional job in representing the Hospital." *See id.* This further supports that there is a fact issue incapable of being decided at the summary judgment phase.

***Objection 3: Legal Error as to Employee's Suggestions and Recommendations Regarding Employment Decisions***

Next, Defendant argues the Magistrate Judge improperly found that there is a fact issue as to whether Defendant gave Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees any particular weight. *See* Dkt. #35 at 7. Defendant argues the Magistrate Judge improperly found Defendant's only evidence under this factor was that Plaintiff was encouraged and required to train, coach, counsel, and discipline her staff. *See id.* Contrary to Defendant's argument, the Magistrate Judge took into account that Plaintiff herself stated she would coach her employees when they needed improvement. *See* Dkt. #35 at 8. What Defendant fails to understand is the Magistrate Judge found all that of this evidence—including the remarks made in Plaintiff's evaluations to "get firm with her staff" and "hold her staff accountable"—is not enough to conclusively establish that Defendant gave particular weight to her suggestions and recommendations as to the change of status of other employees. *See Avarado v. Alhanan, Inc.*, No. 15-21605-Civ-Scola, 2016 WL 759490, at *2 (S.D. Fla. Feb. 25, 2016) (even when the defendant fired an employee based on one recommendation made by the plaintiff, this was not enough to conclusively establish the defendant gave the plaintiff's suggestions and recommendations any particular weight). After reviewing the motions, responses, and exhibits, the court finds there is a fact issue as to whether the fourth factor has been met.

*Objection 4: Legal Error as to Willfulness Claim*

Defendant argues the Magistrate Judge erroneously found that there is a fact issue as to whether Defendant willfully violated the FLSA. *See* Dkt. #35 at 9. Specifically, Defendant states that even if Defendant knew Plaintiff was working more than forty (40) hours per week, it does not equate to a knowing recordkeeping violation, much less a finding of willfulness. *See id.* (citing *Brown v. Earth Sound, Inc.*, 2013 WL 1629194, at *7 (D. Neb. Apr. 16, 2013)). Willfulness occurs where an employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. *See Mohammadi v. Nwabuisi*, 605 F. App'x 329, 332 (5th Cir. 2015). When an employer fails to keep accurate or complete records of employment, a court may find that the employer willfully violated the FLSA. *See Bingham*, 2013 WL 1312563, *14 (E.D. Tex. Mar. 1, 2013). Further, an employer could be found to be acting willfully if the employer ignores complaints brought to his or her attention. *Mohammadi*, 605 F. App'x at 332.

Plaintiff testified that she brought a complaint to the Equal Employment Opportunity Commission ("EEOC"). *See* Dkt. #10-1 at 17-18. She further testified that she complained and voiced her concerns to Defendant about her entitlement to overtime. *See id.* at 25-26. Further, the annual evaluation records indicate that Plaintiff's supervisors knew about Plaintiff's overtime hours. *See* Dkt. #10-5 at 7, 21 (evaluations stated that overtime needs to be approved and that she fills in wherever needed without complaint, needing to work on overtime). Accordingly, Plaintiff has established that there is a fact issue on this claim that is better decided by the jury at trial. *See Owen v. Golf & Tennis Pro Shop, Inc.*, 2010 WL 3941842, at *1 n.1 (E.D. Tex. Oct. 7, 2010); *Karr v. City of Beaumont, Tex.*, 950 F.Supp. 1317, 1325-26 (E.D. Tex. 1997).

*Objection 5: Legal Error as to Retaliation Claim*

Finally, Defendant asserts Plaintiff did not establish a *prima facie* case of retaliation. *See* Dkt. #35 at 12. The court notes Defendant states that because Plaintiff did not address the retaliation claim in her response, the court may assume Plaintiff is unopposed and thus waived the issue. *See id.* at 12-13. However, Defendant cites to cases in the Fifth Circuit discussing parties making objections for the first time *on appeal* when a district court granted summary judgment. *See id.* This is not the standard for the district court. When considering a motion for summary judgment, the district court *must* look to the full record, including the pleadings, affidavits, and depositions. *See Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988) (emphasis added). Thus, the Magistrate Judge correctly considered the full record on the issue of the retaliation claim, even though Plaintiff did not specifically respond to Defendant's motion in her response.

Further, Defendant argues the Magistrate Judge erroneously concluded that there is a fact issue as to Plaintiff's retaliation claim. *See id.* at 13. Although Defendant argues the Magistrate Judge improperly considered Plaintiff's affidavit, the court has already determined Plaintiff's affidavit was not conclusory or speculative. Further, Defendant argues it established, and Plaintiff admitted, that none of the decision makers involving her termination were aware of Plaintiff's alleged protected activity until after she was terminated. *See id.* However, the court finds Defendant is misrepresenting Plaintiff's remarks made in her deposition. Plaintiff states she delivered her complaint letter to "Mr. Stan"—the CEO of Texas Health Resources and Texas Health Presbyterian Hospital—one (1) hour before the meeting during which she was terminated. Further, Plaintiff never admits that the decision makers were unaware of her letter. To the contrary, Plaintiff first states she believed they knew about the letter (*see* Dkt. #10-1 at 5);

however, after further questioning, Plaintiff states she did not have evidence that the decision makers knew of the letter (*see* Dkt. #10-1 at 6). Although this seems speculative, the fact that she handed her complaint letter to "Mr. Stan," Defendant's CEO, an hour before her meeting, creates a fact issue better decided by the jury.

Further, as stated by the Magistrate Judge, a plaintiff's protective activity does not need to be documented. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 15 (2011). Plaintiff states she voiced her concerns to Defendant multiple times before delivering her formal complaint. Specifically, Plaintiff alleges that she delivered a complaint to the CEO of Texas Health Resources and Texas Health Presbyterian Hospital, "Mr. Stan," an hour before she was terminated; she filed a complaint with the human resources department in October 2014; and she asked Lori Rios from human resources if she was entitled to overtime when she started working for Defendant. *See* Dkt. #10-1 at 5, 18, 25-26.[2] Finally, Defendant argues it had a legitimate, nonretaliatory reason for terminating Plaintiff based on her poor performance. Again, this is a better issue for the jury to decide.

## CONCLUSION

Having considered Defendant's timely objections (Dkt. #35), Plaintiff's response (Dkt. #41), and having conducted a *de novo* review, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #34) as the findings and conclusions of the court.

Accordingly, it is **ORDERED** that Defendant's motion for summary judgment on the common law fraud claim is **GRANTED.** Further, it is **ORDERED** that Defendant's motion for

---

[2] Plaintiff also vaguely stated in her deposition that she talked with her other managers—Jimmy and Sarah—about reasons why she was not paid for overtime. *See* Dkt. #10-1 at 26.

summary judgment on the FLSA overtime compensation claim, FLSA willfulness claim, and FLSA retaliation claim are **DENIED.**

So **ORDERED** and **SIGNED** this **29** day of **December, 2016.**

_____
Ron Clark, United States District Judge